UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BERNARD HARDRICK,

        Plaintiff,                      Case No. 2:24-cv-220

v.                                          Honorable Jane M. Beckering

REGINA KEMP,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff filed his original pleading on a form titled "Motion for Possession Pending Judgment" on December 21, 2024. (ECF No. 1.) On January 6, 2025, the Court ordered Plaintiff to file an amended complaint on the requisite form, in accordance with Local Rule 5.6(a). (ECF No. 3.) On January 24, 2025, Plaintiff filed an amended complaint (ECF No. 6.) but did not submit his amended complaint on the form as required by the Court's January 6, 2025 Order. Nonetheless, the Court will exercise its discretion and review Plaintiff's amended complaint under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA).

Under PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues AMF Law Librarian Regina Kemp in her individual capacity.

Plaintiff alleges that, on November 1 or 2, 2024, while housed in AMF Unit 6, Plaintiff submitted a civil complaint to Defendant Kemp for photocopies. (Compl., ECF No. 6, PageID.12.) Shortly thereafter, Plaintiff was moved to temporary segregation, which is located in Unit 4. (*Id.*) While in segregation, Plaintiff submitted a kite to Defendant Kemp, inquiring about the status of his legal documents that had been submitted for photocopying. (*Id.*) After receiving no response to his kite, Plaintiff submitted an administrative grievance and learned that the copies had been confiscated for being "suspicious in nature" because the unit listed on Plaintiff's photocopy disbursement (Unit 6) was different than the unit that Plaintiff was in at the time that the disbursement was processed (Unit 4). (*Id.*) Plaintiff alleges that Defendant Kemp confiscated Plaintiff's legal documents and sent them to the Inspector's office, given the unit discrepancy.

Plaintiff alleges that Defendant Kemp unlawfully confiscated his legal documents without just cause and that Plaintiff was not afforded due process following the confiscation of his legal documents. (*Id.*, PageID.13.) Plaintiff seeks injunctive relief in the form of the return of the documents. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Based upon the foregoing allegations, Plaintiff avers that Defendant Kemp violated his Fourteenth Amendment right to procedural due process. The Court will also liberally construe Plaintiff's complaint to bring a First Amendment claim for interference with Plaintiff's access to the courts. Finally, Plaintiff purports to bring a "claim and delivery" action under state law.

### A. Fourteenth Amendment Due Process Claims

Plaintiff alleges that Defendant Kemp, in confiscating Plaintiff's legal documents, deprived Plaintiff of due process. "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Here, Plaintiff's claim that he was deprived of his legal property without due process of law is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act of a state employee," *id*. at 541, including "the unauthorized failure of agents of the State to follow established state procedure," *id*. at 543, has "not alleged a violation of the Due Process Clause of the Fourteenth Amendment," *id*., where "[t]he [s]tate provides a remedy to persons who believe they have suffered a tortious loss at the hands of the [s]tate," *id*., and the state "remedies provided could have fully compensated the [plaintiff] for the . . . loss he

4

suffered . . . they [can be] sufficient to satisfy the requirements of due process," *id*. at 544. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate and, indeed, Plaintiff has state post-deprivation remedies available to him. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan law provides adequate post-deprivation remedies for many types of deprivations. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his legal documents. Accordingly, Plaintiff fails to state a Fourteenth Amendment procedural due process claim.

B.    **First Amendment Access to the Courts**

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). Because Plaintiff has alleged that the confiscated document was "a 5–7 page civil complaint" (ECF No. 1, PageID.12), the Court has liberally

construed Plaintiff's amended complaint to include a First Amendment claim for interference with Plaintiff's access to the courts.

To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead that the defendants actions have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

6

Here, Plaintiff does not describe the nature of the underlying cause of action contained within the confiscated civil complaint, let alone provide the Court with sufficient factual allegations to plausibly suggest that the civil complaint would have asserted a nonfrivolous habeas corpus or civil rights claim. For those reasons, Plaintiff fails to state a First Amendment claim for interference with Plaintiff's access to the courts.

### C. Claim and Delivery

Plaintiff titles his amended pleading against Defendant Kemp a "complaint for claim and delivery." (ECF No. 6, PageID.11.) Plaintiff alleges that his legal documents, originally given to Defendant Kemp, were sent to the Inspector's Office and have not been returned. (*Id.*, PageID.13.)

Formerly known as replevin, claim and delivery is a civil action under Michigan Court Rule 3.105 to recover possession of property that has been unlawfully taken or detained. *See Whitcraft v. Wolfe*, 384 N.W.2d 400, 402 n.1 (Mich. Ct. App. 1985) ("'Replevin' is now known as the action of claim and delivery.") It "is a possessory action" not intended to resolve legal title. *Pearl v. Garlock*, 28 N.W. 155, 155 (Mich. 1886). For that reason, an action for claim and delivery may only be brought against a defendant in possession of the property at the time that the action is commenced. *Bellows v. Goodfellow*, 267 N.W. 885, 885 (Mich. 1936) ("Plaintiff could not maintain replevin against any of defendants except the Schreibers because no one except the Schreibers had possession of the property.")

Plaintiff does not claim that Defendant Kemp has possession of his legal documents. Instead, Plaintiff claims that the documents were sent to and held by the Inspector's Office. Accordingly, Plaintiff has failed to state a claim for claim and delivery claim against Defendant Kemp upon which relief may be granted.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:    April 2, 2025                                      /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge